taking to their works or establishment at Maple Island creek, or any place in its vicinity, the refuse or rendering matter from rendering tanks in the city of New York or elsewhere, or any refuse animal or rendering matter; and from drying or baking any such matter there by heat, or the sun or wind; and from carrying on any manufacture or business there that shall produce offensive odors that may be carried or wafted to the residences of the complainants, or any of them; and from transporting through the Kill Von Kull or Newark bay any such matter, except in boats or barges with air-tight covers, such as to prevent any offensive odor from escaping from them, perceptible on the shores.

---

## Moies *vs.* O'Neill.

1. The equities of the bill being denied, injunction dissolved, and motion for receiver refused.

2. That the partnership business is unprofitable and the partnership should be dissolved or discontinued, is not a sufficient ground for enjoining one of the partners from going on with the business and settling up the affairs, or for taking the property out of his hands to be administered by a receiver.

Argued on motion by complainant for a receiver, and on motion by defendant to dissolve the injunction heretofore granted.

*Mr. Ransom*, for complainant.

*Mr. McGill*, for defendant.

THE CHANCELLOR.

The defendant has fully answered every allegation in the bill on which an equity could be raised either for an injunction or receiver. The partnership business may be unprofit-

able, and it may be that the partnership should be dissolved or discontinued. But there is no reason for enjoining O'Neill from proceeding with the business and settling up the affairs, or to take the property out of his hands to be administered by the expensive and destructive machinery of a receiver in chancery.

The injunction must be entirely dissolved, and the motion for receiver is refused.

---

CORNISH *vs.* CORNISH.

1. Where the conduct of the husband is the cause of the wife's leaving her home, and his actions since have been such as to prolong her absence for three years, such absence is not desertion contemplated by the statute, and no divorce can be had.

2. Where the husband has not made the advances or concessions which a just man ought to make to put an end to his wife's desertion, induced, though not justified by, his conduct to her, the desertion, though willful and continued, is not obstinate.

---

This cause was heard *ex parte* upon report of the master, and the proofs before him taken *ex parte*.

*Mr. M. Beasley, Jr.,* for petitioner.

THE CHANCELLOR.

The circumstances under which the defendant left the petitioner and has continued away, do not, in my opinion, make her absence the willful, continued, and obstinate desertion intended by the statute. He did much to provoke her going away, though his conduct did not altogether justify it. He has done nothing since to induce her to overlook or forgive his conduct, which provoked her to leave, or made any attempt to induce her to return, but has acted as a husband would act who wished his wife to stay away for the three years